1   Craig Sanders (SBN: 284397)
        csanders@sanderslaw.group
2   **SANDERS LAW GROUP**
    333 Earle Ovington Blvd, Suite 402
3   Uniondale, NY 11553
    Telephone: (516) 203-7600
4
    *Attorneys for Plaintiff*
5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10  Dean Moses,                         Case No:    '25 CV 2020 RBM SBC
11
12                  Plaintiff,
                                        **COMPLAINT FOR**
13          v.                          **COPYRIGHT INFRINGEMENT**
                                        **UNDER 17 U.S.C. §501**
14
    Cubic Transportation Systems,
15  Inc.,
                                        JURY TRIAL DEMAND
16
                    Defendant.
17

18          Plaintiff Dean Moses ("*Plaintiff*"), by and through his undersigned counsel,

19  for his Complaint against defendant Cubic Transportation Systems, Inc.

20  ("*Defendant*") states and alleges as follows:

21                          **INTRODUCTION**

22          1.      This action seeks to recover damages for copyright infringement under

23  the Copyright Act, 17 U.S.C. §101 *et seq*.

24          2.      Dean Moses ("*Moses*") created a photograph of an individual jumping

25  over a turnstile at a New York City subway station (the "*Photograph*") in which

26  Plaintiff owns the rights and licenses for various uses including online and print

27  publications.

28

PLAINTIFF'S COMPLAINT

3.      Moses is an author, award-winning photographer, and freelance journalist. His writing and photography have appeared in numerous New York based newspapers, including New York Metro, the New York Times, The New York Daily News, the New York Post, the New York Amsterdam News, Spring Creek Sun, Ridgewood Times, Lefrak City Courier, and Queens Courier. He has received several photography awards, and in 2019, his photos were featured in Stonecoast Review from the University of Maine.

4.      Upon information and belief, Defendant operates on a business model focused on designing, integrating, and providing outsourced business process and information technology services for automated fare collection systems in public transit. They offer a full suite of services, including the hardware (gates, ticket machines, smart card readers), the back-end central system for processing transactions, and ongoing support and operations essentially acting as a technology and service partner for transportation authorities, managing the complexities of fare collection and related data processing.

5.      In furtherance of its business, Defendant owns and operates a website at www.cubic.com (the "*Website*").

6.      Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website displaying an individual evading fare collection by jumping a turnstile as part of a self-promotional advertisement and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7.      Plaintiff Dean Moses is an individual who is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

8.      Upon information and belief, defendant Cubic Transportation Systems,

PLAINTIFF'S COMPLAINT

Inc., is a California corporation with a principal place of business at 9233 Balboa Avenue, San Diego in San Diego County, California.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

11.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

12.    Dean Moses ("*Moses*") is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16.    On February 25, 2025, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

17.    Plaintiff published the Photograph by commercially licensing it AMNY for the purpose of display and/or public distribution.

18.    In creating the Photograph, Moses personally selected the subject

PLAINTIFF'S COMPLAINT

matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19.     On March 27, 2025, the Photograph was registered by the USCO under Registration No. VA 2-448-368.

20.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.      Defendant's Infringing Activity**

21.     Defendant is the registered owner of the Website and is responsible for its content.

22.     Defendant is the operator of the Website and is responsible for its content.

23.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24.     The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

25.     Upon information and belief, Defendant is a sophisticated business which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

26.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their articles have been properly licensed.

27.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28.     Upon information and belief, Defendant's internal policies, if any, are

PLAINTIFF'S COMPLAINT

either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

30.    Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Website as part of an on-line story at URL: https://www.cubic.com/news-events/blogs/why-enforcement-cant-be-the-only-solution-for-transit-revenue-protection (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

31.    The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://www.cubic.com/sites/default/files/2025-06/Young-man-jumping-over-a-fare-gate-to-evade-paying-his-transit-fare-photo-credit-Dean-Moses.webp.

32.    The Infringement is a copy of Plaintiff's original image that was directly copied and displayed by Defendant.

33.    Plaintiff first observed the Infringement on June 16, 2025.

34.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

35.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

36.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited

PLAINTIFF'S COMPLAINT

to Plaintiff's Photograph.

37.    Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Matt Newsome whose LinkedIn lists him as a strategic advisor (the "*Employees*").

38.    Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they created the Infringement.

39.    Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they created the Infringement.

40.    Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

41.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

42.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

43.    Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

44.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

45.    Upon information and belief, Defendant monitors the content on its

PLAINTIFF'S COMPLAINT

Website.

46.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

47.    Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

48.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

49.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

50.    Defendant's use of the Photograph harmed the actual market for the Photograph.

51.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

52.    On June 24, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

53.    On June 26, 2025, Defendant contacted Plaintiff to discuss this matter.

54.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

55.    Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

56.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

PLAINTIFF'S COMPLAINT

# FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

57.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

58.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

59.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

60.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

61.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

62.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

63.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

64.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504

PLAINTIFF'S COMPLAINT

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

65.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

66.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

67.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

      a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

      b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

      c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

PLAINTIFF'S COMPLAINT

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: August 7, 2025

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq. (SBN: 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 132049

*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT